**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**JUDY R. FOX,**
        **Plaintiff**

v.                                               **Civil Action No.**
                                                    **3:04CV104-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
        **Defendant**

**MEMORANDUM OPINION**

       This case presents plaintiff Judy Fox's challenge to the decision of the Commissioner denying her claim to Disability Insurance Benefits. The matter is before the Court on plaintiff's objections to the proposed findings and recommendations of the United States Magistrate Judge. After conducting a de novo review, the Court is of the opinion that the recommendation of the Magistrate Judge should be accepted and the decision of the Commissioner should be affirmed.

       Ms. Fox filed her application on December 21, 2001, alleging that she had been unable to engage in any substantial gainful employment since June 15, 1996. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Fox had severe impairments that prevented her from performing any of her past relevant work, but that she retained the residual functional capacity to perform a significant range of medium work.

       If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).  The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion.  Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff objects that she met Number 3.02A of Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings").   Listing 3.02 is Chronic Pulmonary Insufficiency.  Meeting sublisting A requires showing both a diagnosis of a chronic obstructive pulmonary disease and that the condition is of the severity described in the tables.  The Court has examined the medical evidence relied upon by the plaintiff to support her argument that she meets the Listing and agrees with both the reasoning and the conclusion set forth by the United States Magistrate Judge: The pre-bronchodilator test results from 1988 were isolated and anomalous and not truly descriptive of her condition.

Plaintiff further objects that the evidence fails to support the conclusion that she is capable of work at the medium exertional level.  She points to the report of consultant Donald Gibson, M.D., who opined in 2002 that Ms. Fox "will have intermittent flare-ups of asthma and dyspnea upon exertion.  She may require intermittent steroid usage."  Tr. 191.  Plaintiff's argument is that if exacerbations are caused by exertion, then she would be unable to do medium level work because it would require exertion.  However, Dr. Gibson also noted that her shortness of breath upon exertion responds to short-term Albuteral.

Between the 1988 pulmonary function test and October of 1999, there is little medical evidence of severe pulmonary difficulties.  Even exacerbations were mild and generally

attributable to running out of her medication. The Court finds no error in the ALJ's treatment of this condition, and no evidence support plaintiff's argument that medium work is unavailable to her because of her pulmonary condition.

      An order in conformity has this day entered.